```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                          :
KIM DAVIS,                                :
                                          :
          Plaintiff,                      :   1:19-13515 (NLH)(JS)
                                          :
     v.                                   :       OPINION
                                          :
                                          :
BANK OF AMERICA, NA, et al.,              :
                                          :
          Defendants.                     :
_____:


APPEARANCES:

Kim Davis
17 Louisiana Parkway
Jackson, NJ 08527
     *Plaintiff Pro se*

Thomas Cialino
Blank Rome
130 N. 18th Street
Philadelphia, PA 19103
     *Attorney for Defendants Bank of America, NA and New Rez, LLC d/b/a/ Shellpoint Mortgage Servicing (incorrectly named as New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing)*

Andrew C. Sayles
Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
     *Attorney for Defendant Gene R. Mariano*

Gurbir S. Grewal
Attorney General of New Jersey
25 Market Street, PO Box 116
Trenton, NJ 08625
     *Attorney for New Jersey Judiciary (incorrectly named State of New Jersey, New Jersey Court's)*

1

Matthew B. Thompson
Berry Sahradnik Kotzas & Benson
212 Hooper Avenue, PO Box 757
Toms River, NJ 98754
     *Attorney for Defendant Ocean County Sheriff's Department (incorrectly named State of New Jersey Ocean County Sheriff's Department)*

HILLMAN, District Judge

Plaintiff Kim Davis filed this complaint alleging that Bank of America, NA, Gene R. Mariano, New Rez, LLC d/b/a Shellpoint Mortgage Services (incorrectly named New Penn Financial, LLC d/b/a Shellpoint Services), New Jersey Judiciary (incorrectly named Sate of New Jersey, New Jersey Court's), and Ocean County Sheriff's Department (incorrectly named State of New Jersey Ocean County Sheriff's Department), collectively "Defendants," are liable under and 18 U.S.C. §§ 1005 and 1006, the Fair Debt Collection Practices Act, the Fourteenth Amendment Due Process Clause, and common law for their actions relating to her mortgage.  ECF No. 1.

Defendants now moves to dismiss, arguing that the Court does not have subject matter jurisdiction over these claims and that Plaintiff has failed to state claims upon which relief may be granted.  ECF No. 8; ECF No. 11, ECF No. 12, ECF No. 14.  For

the reasons that follow, the Court will grant the motions to dismiss.

I.  Background

The Court takes its recitation of the facts from Plaintiff's complaint and documents filed in the New Jersey state courts.  Plaintiff, Kim Davis,[1] owned and resided in a property at 17 Louisiana Parkway in Jackson, New Jersey.  On June 14, 2007, Davis executed a Note in favor of American Mortgage Network, Inc. ("AMN") for $355,000.00.  To secure payment on this Note, Davis executed a Mortgage dated June 14, 2007 to Mortgage Electronic Services ("MERS") as nominee for AMN, its successors and assigns, against Davis's real property.  This Mortgage was recorded at the Ocean County Clerk's office on June 25, 2007.

Davis defaulted under the terms of the Note by failing to make monthly installments that became due on May 1, 2009.  Both Davis's Note and Mortgage contain a provision that imposes late charges on any payment overdue for a period of fifteen days.  The Note and Mortgage also contain an acceleration clause that

---

[1] The Court notes that in the complaint Davis appears to confuse which parties "Plaintiff" and "Defendant" refer to in this proceeding.  For the sake of clarity, this Opinion will refer to the parties by their names rather than "Plaintiff" or "Defendant" as much as possible.

allows the mortgagor to declare the entire amount due following overdue payments.

On August 10, 2009, MERS, as the nominee for AMN, assigned the Mortgage to Bank of America, NA ("Bank of America"). This assignment of mortgage was recorded in the Ocean County Clerk's office on August 25, 2009. According to Davis, a January 4, 2016 account payment statement from Ocwen Loans Servicing, LLC shows "a pay off amount of $390,917.33 which is inclusive of the principle [sic] amount of 349,356.89 and an escrow amount of $41,560.44." Davis contends that this shows a transfer of servicing to Shellpoint Mortgage Services ("Shellpoint"). Davis asserts that this "Ocwens [sic] payment history clearly indicates a zero principle [sic] balance as well as a zero escrow balance as of January 4, 2016."

Bank of America filed a notice of intent to foreclose, which was sent to Davis at her Jackson Parkway address by regular and certified mail on February 15, 2016. Bank of America then filed a foreclosure complaint on July 18, 2016 in the Superior Court of New Jersey, Chancery Division. Davis was served on July 30, 2016. Davis filed a contesting answer on September 2, 2016. In this answer, Davis asserted a number of affirmative defenses including (1) Bank of America lacked standing; (2) Bank of America failed to alleged whether its assignment was partial or complete; (3) Bank of America is not

4

an assignee; (4) Bank of America committed unfair and deceptive acts; and (5) Bank of America had unclean hands.

Bank of America filed a motion for summary judgment on March 6, 2017.  Davis filed a cross-motion to dismiss on March 30, 2107.  The Chancery Court granted Bank of America's motion on April 13, 2017.  At this time, the Chancery Court also entered default against Davis and returned the matter to the Office of Foreclosure as an uncontested matter.  On July 24, 2017, Davis filed a motion for reconsideration of her cross-motion to dismiss.  The Chancery Court denied this motion in its entirety on August 18, 2017.  In denying this motion for reconsideration, the Chancery Court stated that Davis had failed to present "any argument that was not addressed by the Court in the summary judgment motion."

On November 28, 2017, Davis filed a motion in the Chancery Court for an "Order to Show Cause with Temporary Restraints." In this motion, Davis asserted that Bank of America was in violation of a court order because it "fail[ed]to implement a process to ensure that [Bank of America] has an enforceable interest [and] . . . that [Bank of America] obtained the note." The Chancery Court denied this motion on January 5, 2018.  In denying this motion, Judge Hodgson found that Bank of America had standing to pursue its foreclosure action, that Bank of America was the holder in due course of Davis's note and

mortgage, and that Bank of America should not be held in contempt as Davis had requested.

On March 26, 2018, Bank of America filed a motion for entry of judgment in the foreclose action against Davis.  On April 10, 2018, Davis filed an opposition to the entry of judgment and cross-moved to dismiss the foreclosure action.  On May 11, 2018, the Chancery Court dismissed Davis's motion.  Then, on May 21, 2018, final judgment was entered against Davis and a Writ of Execution was filed directing the Ocean County Sheriff to sell the property.  This sale was scheduled to take place April 9, 2019.  Also, on May 21, 2018, Davis filed a motion for reconsideration before the Chancery Court.  This motion as denied on June 22, 2018.

Davis filed a Notice of Appeal with the New Jersey Superior Court, Appellate Division on July 2, 2018.  In this notice, Davis stated she was seeking appellate review of the Chancery Court's summary judgment order and the order denying her opposition.  On October 23, 2018, Davis filed her brief with the Appellate Court.  In this brief, Davis alleged that Bank of America was not the holder in due course of her note and mortgage; Bank of America lacked standing to foreclose; Bank of America failed to demonstrate that it possessed the original note; Bank of America's claims were time-barred; Bank of America

6

had committed fraud; and Bank of America had violated the Fair Debt Collection Practices Act.

On January 14, 2019, Davis filed a motion for relief from judgment. This motion was denied on February 15, 2019. Davis then filed a verified complaint seeking a temporary restraining order and injunction barring the Ocean County Sheriff's sale on March 12, 2019. Judge Hodgson denied this motion on March 29, 2019, citing "the reasons espoused on the record." On April 4, 2019, Davis filed a verified complaint with the Appellate Division seeking a temporary restraining order and injunctive relief. The Appellate Division denied this motion on April 5, 2019.

On June 4, 2019 Davis appealed the Chancery Court's May 21, 2018 judgment, its May 11, 2018 order denying Davis's second motion to dismiss and objection to the amount due, and its April 28, 2017 order denying Davis's motion to dismiss. On July 8, 2019, the Appellate Division found no merit to Davis's arguments and affirmed the Chancery Court's decisions. According to the Appellate Division, Davis's arguments were "without sufficient merit to warrant discussion in a written opinion." The Appellate Division was satisfied with Judge Hodgson's factual findings concerning all of Davis's contentions and found the Chancery Court's legal conclusions to be "unassailable." Bank

7

of America, N.A. v. Davis, 2019 WL 2909564 at *2 (N.J. Super. Ct. App. Div. 2019).

Davis filed this complaint on June 6, 2019, alleging that Defendants had mishandled her mortgage. Davis asserts six causes of action in this claim: (1) False Entry in Book, Report or Statement; (2) a violation of 15 U.S.C. § 1692e(2)(A); (3) violation of 15 U.S.C. § 1692e(12); (4) a violation of 15 U.S.C. § 1692e(14); (5) a violation of the United States Constitution's Fourteenth Amendment Due Process Clause; and (6) common law conversion.

II.  Discussion

A. Subject Matter Jurisdiction

Davis's asserted basis for this Court's jurisdiction is 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Davis also asserts that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over her state law claims sounding in state or common law. As discussed below, this Court lacks subject matter jurisdiction of Davis's case under the Rooker-Feldman doctrine.

B. Analysis

Davis's complaint is dismissible on several bases including failure to properly plead her claims and res judicata,[2] among others.[3]

---

[2] Res judicata encompasses claim and issue preclusion. U.S. v. 5 Unlabeled Boxes, 572 F.3d 169, 174 (3d Cir. 2009) (quoting Venuto v. Witco Corp., 117 F.3d 754, 758 n.5 (3d Cir. 1997) ("Collateral estoppel customarily refers to issue preclusion, while res judicata, when used narrowly, refers to claim preclusion. This court has previously noted that 'the preferred usage' of the term res judicata 'encompasses both claim and issue preclusion.'")). Claim preclusion requires a showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies. Id. (citation omitted). Collateral estoppel requires of a previous determination that (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action. Id. (citation omitted). From a comparison of Davis's claims in her state court action with this case, it appears that Plaintiff's case here presents identical parties, issues, and claims to her state court case. Davis's case therefore appears to be precluded from bringing this action under res judicata principles.

[3] The Ocean County Sheriff's Department asserts that this Court lacks jurisdiction under the Colorado River Abstention doctrine. The New Jersey Judiciary asserts that the Younger Abstention doctrine and Eleventh Amendment also dictate that this Court should decline to hear Davis's claims. Gene R. Mariano asserts that the Noerr-Pennington doctrine, Entire Controversy doctrine and Colorado River Abstention doctrine also act as a bar to Davis's claims. Bank of America and Shellpoint assert that the Economic Loss doctrine should bar Davis's conversion claim. Because the Court is satisfied with Defendants' arguments under the Rooker-Feldman doctrine, this Opinion will not weigh the merits of these other bases for dismissal as substantial as they appear to be.

1. Rooker-Feldman Doctrine

The primary reason the Court must dismiss Davis's claims is based on the Rooker-Feldman doctrine.  Unlike the other defects in Davis's complaint, these defects cannot be cured.  In her complaint, Davis asks for a declaratory judgment invalidating the sale of her property.  Davis also requests injunctive relief barring Bank of America, Gene R. Mariano, Shellpoint, the New Jersey Judiciary, and the Ocean County Sheriff's Department from seeking eviction or otherwise dispossessing her of her property.  In addition to these two forms of relief, Davis also seeks compensatory and special damages, costs, and restitution.

Though not explicitly pleaded in her complaint, Davis's requests relief would require (1) this Court's review of the state court decisions in her state court case in order to find that the state courts erred, and (2) this Court's independent review of the same claims she previously advanced in her state court case.  Neither of these requests is proper under the Rooker-Feldman doctrine.

The Rooker-Feldman doctrine is derived from two Supreme Court cases: District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).  This doctrine applies to "cases brought by state

10

court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp. 544 U.S. 280, 283-84 (2005). According to the Rooker-Feldman doctrine, lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding. Port Authority Police Benev. Ass'n Inc. v. Port Authority of New York and New Jersey Police Dept., 973 F. 169, 177 (3d Cir. 1992). The purpose of this doctrine is to "prevent[] 'inferior' federal courts from sitting as appellate courts for state court judgments." In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005).

Four requirements must be met for the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgements; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quotations omitted) (discussing Exxon Mobil, 544 U.S. at 284). If these four requirements are

11

met, the Rooker-Feldman doctrine prohibits the district court from exercising jurisdiction. Id.

All four of these requirements are met in this case. As detailed above, Davis lost in state court. Davis now complains that her injuries are caused by the state court's decision. The Chancery Court entered its final judgment on May 21, 2018, well before this suit was filed. Davis asks the District Court to reject and review both the Chancery Court and the Appellate Division's judgments. Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's complaint, and it must be dismissed on this basis.

2. 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

12

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted) (first citing Conley v. Gibson, 355 U.S. 41, 47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

A court may "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).  A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").  "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough

13

facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570). As discussed below, Davis has failed to state a claim upon which relief may be granted for any of her six counts.

   a. Count I: False Entry in Book, Report, or Statement of Such Bank

Davis asserts that Bank of America, Gene R. Mariano, and Shellpoint "fabricated bank records to reflect a principle amount of $349,356.89 and an escrow amount of $41,560.44." Davis alleges that "Shellpoint generated fraudulent made for litigation business records in lieu of submit [sic] actual business records from the prior servicer." Davis argues that these actions constitute violations of 18 U.S.C. §§ 1005 and 1006.

The Court notes that 18 U.S.C. §§ 1005 and 1006 are criminal statutes that do not create private rights of action and are not enforceable in a civil context. Daviditis v. Nat'l Bank of Mattoon, 262 F.2d 884, 886 (7th Cir.) ("[Section] 1005, Title 18 U.S.C.A., pertain to criminal proceedings and . . . in no way confer jurisdiction as to the civil controversies described in the complaint."); Jenkins v. Fidelity Bank, 365 F. Supp. 1391, 1399 (E.D. Pa. 1973) (stating that 18 U.S.C. § 1006 "provides no civil remedy"). Davis has failed to state a claim upon which relief may be granted. This count will be dismissed.

14

b. Count II: Violation of FDCPA 1692e(2)(A)

Davis alleges that Bank of America and Shellpoint[4] violated 15 U.S.C. § 1692e(2)(A) by "submitting a misleading and deceptive claims [sic] against this Plaintiff." Davis asserts that this Bank of America and Shellpoint submitted "false and misleading representations of the character, amount, or legal status of this debt, when they stated that there was an unpaid principle balance of $349,356.89 on a satisfied and unenforceable instrument."

To state a claim under the Fair Debt Collection Practices Act, a plaintiff must prove four elements: (1) he or she is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a debt; and (4) the defendant violated a provision of the FDCPA. Davis has failed to allege that Bank of America or Shellpoint are debt collectors under 15 U.S.C. § 1692(a)(6), only offering labels and conclusions about these defendants. Davis alleges no facts to support the conclusion that the "principle purpose" of Bank of America or Shellpoint is debt collection; that they seek to collect debts owed to another; or that they attempt to collect debts using another name.[5] See Berger v. Hahnemann Univ.

---

[4] Counts II through IV do not name Mariano.

[5] Davis acknowledges that under legislative history suggests that the term "debt collector" was not meant to encompass a mortgage

15

Hospital, 765 Fed.Appx. 699, 706 (3d Cir. 2019); see also Defazio v. Leading Edge Recovery Solutions, LLC, 2010 WL 5146765 at *8 (D.N.J. Dec. 13, 3010).  The Court further notes that Davis did not attach a copy of the payment history document from Ocwen Loan Servicing, LLC to support her claim that she is entitled to relief.  For these reasons, Davis has failed to state a claim upon which relief may be granted.  This claim will be dismissed.

   c. Count III: Violation of FDCPA 1692e(12)

Davis alleges that Bank of America[6] and Shellpoint violated 15 U.S.C. § 1692e(12) by making "false representation or implications that [her] account had been turned over to an innocent purchaser for value."  For the same reasons listed above in Count II, Davis has failed to state a claim upon which relief can be granted and this claim will therefore also be dismissed.

   d. Count IV: Violation of FDCPA 1692e(14)

---

servicing company.  Davis continues to conclude that "Nevertheless Bank of America and Shellpoint is [sic] considered a debt collector as defined by 15 U.S. Code 1692(a)(6)" without alleging any further details.

[6] For this count, Davis's complaint reads "The Plaintiff and Shellpoint willfully violated 15 U.S. Code 1692e(12) . . ."  The Court infers that Davis meant Bank of America, the Plaintiff in the state court proceedings, in this count.

Davis alleges that Bank of America and Shellpoint violated 15 U.S.C. § 1692e(14) by "commenc[ing] this action in the name of Bank of America." For the same reasons listed above in Counts II and III, Davis has failed to state a claim upon which relief may be granted. This claim will also be dismissed.

e. Count V: Violation of Due Process Rights

Davis has brought a constitutional claim pursuant to 42 U.S.C. § 1983 against Bank of America, Shellpoint, the Ocean County Sheriff and the New Jersey Judiciary. Davis makes a procedural due process claim alleging that the New Jersey State Courts relies on a summary judgment procedure that "aids and abets Bank of America and Shellpoint to deprive [Davis] of her property without a full and fair trial."

The Fourteenth Amendment Due Process Clause prohibits state deprivations of life, liberty or property without due process of law. Robb v. City of Phila., 733 F.2d 286, 292 (3d Cir. 1984). The Fourteenth Amendment offers protection against action taken by state actors, not private parties. Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948) ("That Amendment erects no shield against merely private conduct, however discriminatory or wrongful.")).

The Due Process Clause contains both procedural and substantive components. American Exp. Travel Related Servs. Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012). To

17

state a claim for deprivation of procedural due process rights, a plaintiff must allege that (1) he or she was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protections and (2) the procedures available to him or her did not provide due process of law.  See <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 233-34 (3d Cir. 2006).

In this case, with respect to Bank of America and Shellpoint, Davis has not shown that Bank of America or Shellpoint are state actors.  With regards to her claims against the Ocean County Sheriff's Department and New Jersey Judiciary, other than a conclusory statement, Davis has not alleged that any of the procedures in her state court adjudication were constitutionally deficient.  Davis has failed to state a claim upon which relief may be granted.  This count will be dismissed.

   f. Count VI: Conversion

Davis alleges that Bank of American and Shellpoint are liable for common-law conversion.  Davis alleges that Bank of America and Shellpoint's "failure or refusal to honor [Davis's] rights is a 'taking' of her 'rights and protections' enjoyed in her Note and the laws of New Jersey."  In this count, Davis further asserts that Bank of American and Shellpoint were and are "withholding information" related to her Note and had committed "extreme and outrageous acts when it repeatedly ignored [Davis's] UCC defense of a holder in due course and

continued its foreclosure acts without a showing that it, or a principal had the authority to enforce the Note." Davis restates this claim as alleging that Bank of America and Shellpoint "converted the personal property rights (her chattel) of Plaintiff in her Note under the UCC."

The elements of common law conversion are "(1) the existence of property; (2) the right to immediate possession thereof belonging to plaintiff, and (3) the wrongful interference with that right by the defendant."  Rickerson v. Pinnacle Foods Inc., 2018 WL 1704788 at *2 (D.N.J. April 9, 2018).

Here, Davis has offered only minimal factual allegations to support this claim.  Davis does not plead any facts to show that she has the right to immediate possession of her Note.  Davis also does not provide any factual allegations that Bank of America or Shellpoint wrongfully interfered with her rights. Davis alleges that Bank of America and Shellpoint withheld information related to her Note.  Davis does offer any facts relating to the type of information being withheld, or how this action constitutes wrongful interference with her property right.  Davis has failed to state a claim upon which relief may be granted.  This count will also be dismissed.

19

C. Conclusion

The Court is precluded under the Rooker-Feldman doctrine of sitting as an appellate court over Davis's state court judgments. Even if the Rooker-Feldman doctrine does not apply, Davis has failed to state a claim upon which relief may be granted on each of the asserted claims. Consequently, Davis's complaint must be dismissed.

An appropriate Order will be entered.

Date: May 27, 2020         s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.