UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
KIM DAVIS,                              :
                                        :
            Plaintiff,                  : No. 1:19-13515-NLH-MJS
                                        :
      v.                                :     OPINION
                                        :
                                        :
BANK OF AMERICA, NA, et al.,            :
                                        :
            Defendants.                 :
_____:

APPEARANCES:

Kim Davis
20 Spruce Rd.
Amityville, NY 11701

      *Plaintiff Pro se*

Andrew C. Sayles
Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068

      *Attorney for Defendant Gene R. Mariano*

Thomas Cialino and Edward W. Chang
Blank Rome
130 N. 18th Street
Philadelphia, PA 19103

      *Attorney for Defendants Bank of America, NA and New Rez,
LLC d/b/a/ Shellpoint Mortgage Servicing (incorrectly named as
New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing)*

Gurbir S. Grewal
Attorney General of New Jersey
25 Market Street, PO Box 116
Trenton, NJ 08625

      *Attorney for New Jersey Judiciary (incorrectly named State
of New Jersey, New Jersey Court's)*

Matthew B. Thompson
Berry Sahradnik Kotzas & Benson
212 Hooper Avenue, PO Box 757
Toms River, NJ 98754

    *Attorney for Defendant Ocean County Sheriff's Department (incorrectly named State of New Jersey Ocean County Sheriff's Department)*

**HILLMAN**, District Judge

    This matter comes back before the Court on Plaintiff's motion for reconsideration, styled as a motion to alter or amend the complaint and relief from judgment or order [Docket Number 54]. Plaintiff is specifically seeking reconsideration of the Court's May 27, 2020 Opinion and Order [Dkt. Nos. 37 and 38 respectively] dismissing her claims with prejudice and the more recent March 26, 2021 Order [Dkt. No. 53] by Magistrate Judge Skahill denying her motion for leave to file an amended complaint. Defendants Gene R. Mariano and Bank of America, N.A. ("BoA") oppose her motion. This motion for reconsideration is decided without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). The Court has considered the parties' submissions, and for the reasons expressed below, Plaintiff's motion will be denied.

**BACKGROUND**

    The Court previously provided a detailed outline of the factual and procedural background of this case in its May 27, 2020 Opinion, [Dkt. No. 37], and assumes the parties'

familiarity with the relevant history.  Accordingly, it will
only restate that background as necessary for the purposes of
ruling on the presently pending motion.

In June 2007, Plaintiff Kim Davis executed a mortgage on a
property located in Jackson, New Jersey in favor of Defendant
Mortgage Electronic Services ("MERS"), which was later assigned
to Defendant BoA.  After she defaulted on the mortgage, BoA
filed an action in mortgage foreclosure in 2016.  A final
judgment of foreclosure was entered by a state court on May 21,
2018.

Over the next year, Plaintiff filed a series of appeals and
motions in an apparent attempt to stall the foreclosure and sale
of the property; her tactics eventually failed after the state
trial and appellate courts denied her requests.  On June 6,
2019, Plaintiff initiated the instant action alleging Defendants
mishandled her mortgage, asserting various causes of action.
Defendants moved to dismiss the case, arguing the Court lacks
subject matter jurisdiction and that Plaintiff had failed to
state a claim upon which relief may be granted.  The Court
agreed, ruling on each of the then pending motions in an Opinion
and Order issued on May 27, 2020.  The Court found multiple
bases for dismissal, including *res judicata*, failure to state a
claim upon which relief may be granted, and, above all, that the
Court lacked subject matter jurisdiction.  Importantly, the

Court held that "[t]he primary reason the Court must dismiss
Davis's claims is based on the Rooker-Feldman doctrine[,]"
which, "[u]nlike the other defects in Davis's complaint, **these
defects cannot be cured**."[1]  Opinion, Dkt. No. 37, at 10 (emphasis
added).  Accordingly, the Court's Order instructed the Clerk of
the Court to close the case.

On June 26, 2020, a month after dismissal, Plaintiff filed
a motion for leave to amend the complaint.  Defendants opposed
the motion.  On March 26, 2021, the Honorable Matthew J.
Skahill, U.S.M.J. issued an Order denying Plaintiff's proposed
amended pleading as futile.  Order, [Dkt. No. 53].  Magistrate
Judge Skahill also rejected Plaintiff's reply papers, correctly
noting that the papers were improper because they "not only
contain[] new arguments but present[] an entirely new motion and
proposed amended complaint complete with new parties, claims,
and allegations."  Id. at 7.

---

[1] See Vuyanich v. Smithton Borough, 5 F. 4th 379, 385 (3d Cir.
2021) (citations and quotations omitted) ("We have translated
the Supreme Court's approach to Rooker-Feldman into a four-
pronged inquiry. To trigger the doctrine, the following
requirements must be met: (1) the federal plaintiff lost in
state court; (2) the plaintiff complains of injuries caused by
the state-court judgments; (3) those judgments were rendered
before the federal suit was filed; and (4) the plaintiff is
inviting the district court to review and reject the state
judgments.  We have described Prongs 2 and 4 as the key
requirements, but only meeting all four requirements prevents a
district court from exercising jurisdiction under Rooker-
Feldman.").

On April 22, 2021, Plaintiff filed the instant motion for
reconsideration of the aforementioned rulings.  Defendants BoA
and Mariano have filed opposition.  The motion for
reconsideration is therefore fully briefed and ripe for
adjudication.

## DISCUSSION

Plaintiff's kitchen-sink styled motion seeks relief from
the Court's rulings, moving pursuant to Federal Rule of Civil
Procedure 59(a), 59(e), 60(a), and 60(b), as well as Local Civil
Rule 56.1.[2]  Among other things, Plaintiff argues that the
Rooker-Feldman doctrine does not apply.[3]  Plaintiff's motion
requests: (1) this Court "alter or amend its March 26, 2021
[O]rder," and (2) "relief pursuant to Rule 60(a) from this

---

[2] As an initial matter, the Court notes that Local Civil Rule
56.1 concerns summary judgment motions and is irrelevant to the
instant motion for reconsideration.  A closer look at the Local
Civil Rules demonstrates that the more relevant rule is 7.1(i)
as it concerns the rules governing motions for reconsideration.
Although not addressed in the motion papers, Plaintiff's motion
would be untimely under Local Civil Rule 7.1(i) since motions
for reconsideration must be filed within fourteen (14) days from
the date of the order at issue unless otherwise provided by
statute or rule.  See Local Civ. R. 7.1(i) ("Unless otherwise
provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and
59), a motion for reconsideration shall be served within 14 days
after the entry of the order or judgment on the original motion
by the Judge or Magistrate Judge").

[3] None of Plaintiff's additional arguments are relevant because
the Court dismissed the complaint with prejudice because it
lacked subject matter jurisdiction based on the Rooker-Feldman
doctrine.

courts [sic] May 27, 2020 [O]rder (Doc. No. 38) where the court
may correct a mistake arising from oversight whenever one is
found in a judgment or order." Plaintiff's Motion, [Dkt. No.
54], at 1. However styled, Plaintiff's motion ask the Court for
one thing: to reconsider the prior rulings. Therefore, as a
motion to alter or amend judgment under Fed. R. Civ. P. 59 or a
motion for relief from judgement or order under Fed. R. Civ. P.
60 may be treated as a motion for reconsideration, the instant
matter is plainly a motion for reconsideration.

        The purpose of a motion for reconsideration "is to correct
manifest errors of law or fact or to present newly discovered
evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v.
Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be
altered or amended only if the party seeking reconsideration
shows: (1) an intervening change in the controlling law; (2) the
availability of new evidence that was not available when the
court previously ruled; or (3) the need to correct a clear error
of law or fact or to prevent manifest injustice. Id. A motion
for reconsideration may not be used to re-litigate old matters
or argue new matters that could have been raised before the
original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C.
v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and
mere disagreement with the Court will not suffice to show that
the Court overlooked relevant facts or controlling law, United

States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); U.S. v. Tuerk, 317 F. App'x 251, 253 (3d Cir. 2009) (quoting Mayberry v. Maroney, 529 F.2d 332, 336 (3d Cir. 1976)) (stating that "relief under Rule 60(b) is 'extraordinary,' and 'may only be invoked upon a showing of exceptional circumstances'")).

"[A] district court has considerable discretion to decide whether reconsideration is necessary to prevent manifest injustice." ADP, LLC V. Lynch, No. 16-01053, 2017 WL 3022320 at *2 (D.N.J. July 17, 2017).  But "[r]econsideration is an extraordinary remedy that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988 (WJM), 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted); see also L. Civ. R. 7.1(i), cmt. 6(d).

Determinatively, as this matter turns on the issue of subject matter jurisdiction, the Court focuses its analysis on Plaintiff's request for reconsideration of the Court's May 27, 2020 Opinion and Order.  The Court's Opinion set forth multiple bases for dismissal, but the Court's application of the Rooker-Feldman doctrine was the core reason why the case had to be dismissed with prejudice.  There the Court explained, in the relevant parts, that:

The primary reason the Court must dismiss
Davis's claims is based on the Rooker-
Feldman doctrine.  Unlike the other defects
in Davis's complaint, these defects cannot
be cured.

. . . .

Though not explicitly pleaded in her
complaint, Davis's requests would require
(1) this Court's review of the state court
decisions in her state court cases in order
to find that the state court erred, and (2)
this Court's independent review of the same
claims she previously advanced in her state
court case.  Neither of these requests is
proper under the Rooker-Feldman doctrine.

. . . .

According to the Rooker-Feldman doctrine,
lower federal courts lack subject matter
jurisdiction to engage in appellate review
of state court determinations or evaluate
constitutional claims that are inextricably
intertwined with the state court's decision
in a judicial proceeding.

. . . .
Four requirements must be met for the
Rooker-Feldman doctrine to apply: "(1) the
federal plaintiff lost in state court; (2)
the plaintiff complain[s] of injuries caused
by [the] state-court judgments; (3) those
judgments were rendered before the federal
suit was filed; and (4) the plaintiff is
inviting the district court to review and
reject the state judgments." Great Western
Mining & Mineral Co. v. Fox Rothschild LLP,
615 F.3d 159, 166 (3d Cir. 2010)(quotations
omitted discussing Exxon Mobil [Corp. v.
Saudi Basic Indus. Corp], 544 U.S. [280,]
284 [(2005)]).  If these four requirements
are met, the Rooker-Feldman doctrine
prohibits the district court from exercising
jurisdiction.  Id.

All four of these requirements are met in
this case.  As detailed above, Davis lost in
state court.  Davis now complains that her
injuries are caused by the state court's
decision.  The Chancery Court entered its
final judgment on May 21, 2018, well before
this suit was filed.  Davis asks the
District Court to reject and review both the
Chancery Court and the Appellate Division's
judgments.  Accordingly, this Court lacks
subject matter jurisdiction over Plaintiff's
complaint, and it must be dismissed on this
basis.

[Opinion, [Dkt. No. 37], at 10-12.]

Plaintiff now seeks reconsideration of this ruling under

Rule 60(a) and (b).[4]  Plaintiff avers the May 27, 2020 Opinion

---

[4] The Court notes that Fed. R. Civ. P. 60 is the relevant rule as
the Court's Opinion and Order were a final judgment dismissing
the claims and closing the case.  This is noted because
Plaintiff's moving papers intermix arguments under various
theories of reconsideration.  Moreover, Rule 60 is the only
basis under which Plaintiff could seek reconsideration as her
time has long since expired to seek reconsideration under Local
Civil Rule 7.1(i), which sets forth a fourteen-day deadline to
file for reconsideration.  Likewise, Plaintiff would be out of
time under Fed. R. Civ. P. 59, which sets forth a twenty-eight
day deadline to seek reconsideration.  Here, the Court issued
its Opinion and Order on May 27, 2020, and Plaintiff filed the
instant motion on April 22, 2021.  Under Rule 60(c), "[a] motion
under Rule 60(b) must be made within a reasonable time—and for
reasons (1), (2), and (3) no more than a year after the entry of
the judgment or order or the date of the processing."
Therefore, Plaintiff's motion is timely, despite the fact that
she fails to explain why she waited nearly a year to seek
reconsideration, perhaps occasioned by her procedurally
incorrect attempt to seek amendment after her case was
dismissed.  See McNeil v. United States, 508 U.S. 106, 113 (1993)
(holding, "[W]e have never suggested that procedural rules in
ordinary civil litigation should be interpreted so as to excuse
mistakes by those who proceed without counsel . . . .").
Regardless, there is no time limit to invoke Rule 60(a).

and Order were "clearly an error of fact and law."  Plaintiff's
Motion, [Dkt. No. 54], at 1.  Plaintiff argues the court erred
in applying the <u>Rooker-Feldman</u> doctrine, asserting her claims
here were never "actually litigated" in the prior state court
actions.  Brief in support of Motion for Reconsideration
("Brief"), [Dkt. No. 54-1], at 7.  Likewise, Plaintiff claims
the Court erred because she was not seeking "to void the
foreclosure judgment" and that she was not asking this Court to
"determine if the state court's decision was wrong or void."
<u>Id</u>. at 9.  However, Plaintiff's nonsensical arguments fail to
articulate how the Court erred in applying the <u>Rooker-Feldman</u>
doctrine such that reconsideration is appropriate under Rule 60.

Rule 60(a) provides that a "court may correct a clerical
mistake or mistake arising from oversight or omission whenever
one is found in a judgment, order, or other part of the record."
Therefore, Rule 60(a) is strictly confined to the correction of
clerical or scrivening errors.  <u>Stradley v. Cortez</u>, 518 F.2d
488, 493 (3d Cir. 1975) (unless a mistake is truly clerical in
error, a plaintiff "cannot take advantage of . . . Rule 60(a)").
The Third Circuit has emphasized that the rule is "limited to
the correction of 'clerical mistakes'; it encompasses only
errors 'mechanical in nature, apparent on the record, and not
involving an error of substantive judgment.'"  <u>Pfizer Inc. v.
Uprichard</u>, 422 F.3d 124, 129-30 (3d Cir. 2005) (quoting <u>Mack</u>

Trucks, Inc. v. Int'l Union, UAW, 856 F.2d 579, 594 n. 16 (3d Cir. 1988)).  The rule was adopted to make clear that courts can "correct judgments which contain clerical errors, or judgments which have been issued due to inadvertence or mistake." In re FleetBoston Fin. Corp. Sec. Litig., No. 02-cv-4561, 2007 WL 4225832, at *4 (D.N.J. Nov.28, 2007) (quoting American Trucking Ass'ns v. Frisco Transp. Co., 358 U.S. 133, 145, 79 S.Ct. 170, 3 L.Ed.2d 172 (1958)).  No such errors are present here.

Plaintiff's arguments center on the substance of the Court's Opinion and Order, making them inappropriate for relief under Rule 60(a).  There was no clerical error or scrivening error that resulted in the Court's Opinion and Order failing to reflect its decision.  This Court's May 27, 2020 ruling accurately reflected the Court's decision, which dismissed the matter for lack of subject matter jurisdiction.  That was the Court's intent, and that is what the Order did.  The Court therefore denies the motion under Rule 60(a).

Plaintiff further fails to articulate a cognizable basis for reconsideration under Rule 60(b), which provides relief from a final judgment only for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or

extrinsic), misrepresentation, or misconduct by an opposing
party; (4) the judgment is void; (5) the judgment has been
satisfied, released, or discharged; it is based on an earlier
judgment that has been reversed or vacated; or applying it
prospectively is no longer equitable; or (6) any other reason
that justifies relief."[5]  Fed. R. Civ. P. 60(b).  Insofar as
Plaintiff seeks reconsideration under Rule 60(b)(1) and (3) the
Court finds that Plaintiff's moving brief and reply brief merely
regurgitate the same arguments and facts presented in the motion
to dismiss and the complaint papers — which the Court has
already considered.  Plaintiff fails to address any of the
aforementioned and required Rule 60(b) factors to explain why
she is entitled to a reassessment of the Court's findings in the
May 27, 2020 Opinion and Order.  Moreover, as Defendant BoA
correctly points out, even a cursory review of the complaint and
Plaintiff's arguments demonstrate that her claims are entirely
based on defendants' allegedly wrongful actions arising from the
state court foreclosure proceedings.  BoA Opposition Brief,
[Dkt. No. 57], at 18.  By its very terms, Plaintiff's complaint
seeks relief undermining and rejecting the state court rulings
through: (1) a declaratory judgment stating that the current

---

[5] Specifically, Plaintiff "seeks relief pursuant to Rule
690(b)(1), (3), and (6)."  Plaintiff's Motion, [Dkt. No. 54], at
1.

beneficiary of the underlying mortgage is invalid, (2) injunctive relief preventing the defendants from seeking to evict or dispossess Plaintiff from the underlying property, and (3) a judgment rescinding or reforming the underlying note and mortgage.  Id.  Accordingly, as this action is an impermissible review of the state court's rulings, this Court properly determined it lacked subject matter jurisdiction under the Rooker-Feldman doctrine.  Plaintiff's failure to pinpoint any error by the Court, other than generally disagreeing with the outcome, dictates that Plaintiff's motion for reconsideration must be denied pursuant to Rule 60(b)(1) and (3).

Plaintiff's motion for reconsideration also asserts a basis under the "catch-all provision" of Rule 60(b)(6), which permits a district court to vacate an order for "any other reason that justifies relief."  Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014) (citing Fed. R. Civ. P. 60(b)(6)).  However, this remedy "is extraordinary, and special circumstances must justify granting relief under it."  Moonlenaar v. Gov't of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987); Page v. Schweiker, 786 F.2d 150, 155 (3d Cir. 1986).  Moreover, even legal errors do not warrant relief under Rule 60(b)(6) as they can be addressed on appeal.  See Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977).  Rule 60(b)(6) is not a substitute for appeal because, were it otherwise, "the time

13

limitations on appeal set by Fed. R. App. P. 4(a), and on motions to alter or amend judgments under Fed. R. Civ. P. 59(e), would be vitiated." Page, 786 F.2d at 154. Therefore, a court should not grant relief under Rule 60(b)(6) when a party could have sought the same relief on direct appeal. See, e.g., Holland v. Holt, 409 F. App'x 494, 497 (3d Cir. 2010) (holding Rule 60(b)(6) unavailable where the movant "could have raised on appeal his legal argument").

Here, Plaintiff fails to demonstrate any extraordinary circumstances that would entitle her to reconsideration pursuant to Rule 60(b)(6). She raises nothing more than disagreement with the Court's decision as alleged legal error. Her arguments are nothing new as she presented similar arguments in opposing the motions to dismiss. Moreover, Plaintiff could have challenged the Court's ruling on a direct appeal. See U.S. v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process"). The Court will thus deny Plaintiff's motion under Rule 60(b)(6).

To the extent that Plaintiff's motion can be considered an appeal of the Magistrate Judge's March 26, 2021 Order denying leave to amend such an appeal would be without merit. Given the Court's denial of Plaintiff's motion for reconsideration, it

14

should come as no surprise that she will not be granted leave to amend her complaint on the claims the Court had previously determined were barred by <u>Rooker-Feldman</u> and it was correct of the Magistrate Judge to have denied that relief as well.  To the extent the March 26, 2021 Order addressed Plaintiff's attempt to add a new claim, this Court finds no error in the Magistrate Judge's determination that the amendment was time-barred and therefore futile.  Plaintiff will not be granted an opportunity to further extend this action or to attempt to further delay or otherwise impact any ongoing activity related to the foreclosure or sale of the property at the center of this dispute.

In sum, this Court notes, again, that it lacks subject matter jurisdiction over Plaintiff's claims and that Plaintiff's attempts to challenge that ruling and modify or add new claims would be futile.  The motion to seek reconsideration and for leave to file an amended complaint must be denied.

<u>**CONCLUSION**</u>

For the reasons set forth above, Plaintiff's Motion for reconsideration will be denied.  This action will be dismissed with prejudice.  An appropriate Order will be entered.


Date: <u>March 7, 2022  </u>                  <u>s/ Noel L. Hillman        </u>
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.